[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of his marriage with the defendant. Based upon the evidence presented at a contested hearing in this matter, the court makes the following findings.
The plaintiff and the defendant married on May 13, 1983 in New London, Connecticut. The marriage was the plaintiff's second marriage and the defendant's third marriage. Although the parties have children from their prior marriages, they do not have any children together.
The plaintiff is fifty-six years old. While his health is generally good, he is in need of a hip replacement and he suffers from high blood pressure. The plaintiff is a practicing orthodontist and a partner in Orthodontic Associates of S.E. Connecticut, P.C. The plaintiff became a partner in the business in 1987, after completion of a five-year buy-in period. The plaintiff's orthodontic practice has a main office in New London and three satellite offices. Based on the average gross income that the plaintiff has received from his business over the past three years, I find his current gross income from his dental practice to be $325,000 annually. In addition, the plaintiff receives rental income of $5,980 and income from an army pension of $988 annually.
The defendant is fifty-seven years old and she suffers from a disability for which she receives disability income. The defendant has permanent nerve damage from shingles and arthritis. She annually receives disability insurance income in the amount of $24,756 and social security disability income of $12,648. Prior to her disability in 1992, the defendant was employed in the sales department of a wholesale food and paper company.
The plaintiff asserts that the defendant is at fault for the breakdown of the marriage. He claims that she treated him inappropriately in front of family and friends, accused him of favoring his children over hers and interfered with his relationship with his son, such as by prohibiting his son from visiting the parties' home. The defendant contends that she does not want a divorce and that the marriage has not broken down irretrievably. Although at one time the relationship between the parties may have been harmonious, it is now rooted in conflict and plagued by alienation. I find that the marriage has broken down irretrievably but that neither party is singularly at fault for the breakdown.
The plaintiff and the defendant are joint owners of real property located at 119 Hartford Road, Salem, Connecticut. The property consists of the marital home and various out buildings, including barns with horse stalls, paddocks and a dog kennel, on approximately 21 acres of land. Much of the home and property was renovated by the parties after their CT Page 12592 purchase of the property. However, significant renovation remains to be done. The present fair market value of the property is $550,000. The property is encumbered by a mortgage with a balance owing of approximately $315,000.
The plaintiff also owns fractional interests in real property connected to his orthodontic practice at Suite 311, Goldstar Highway, Groton and Unit #4 South Anguilla Road, Pawcatuck. The present value of the plaintiff's share in these properties is $33,000 and $938, respectively.
The parties stipulated at trial that the present value of the plaintiff's interest in Orthodontic Associates of S.E. Connecticut, P.C. is $550,000. The plaintiff also has a profit sharing plan worth $511,715, a pension plan valued at $363,220, a life insurance policy with a cash value of $11,938 and a bank account with a balance of $9,580.
According to her financial affidavit, the defendant presently possesses bank accounts totaling $10,408. In addition, the defendant withdrew a total of $15,000 from two bank accounts shortly after being served a copy of the writ, summons and complaint in this dissolution action. Less than two weeks after service of the dissolution complaint upon her, the defendant also transferred to her adult son approximately $47,000 worth of stock that she held in a joint account I with him. I do not credit the defendant's testimony that the funds used to purchase the stock included funds received from her son. These bank withdrawals and stock transfer violated the automatic orders which accompanied the complaint because they were not made in the usual course of business, for customary and usual household expenses or for reasonable attorneys' fees in connection with the dissolution action. See Practice Book § 25-5(a)(1). As a result of the defendant's actions, assets that should have been available for distribution to the parties at the time of trial are no longer available. Accordingly, in rendering property distribution orders, I have not recognized the relinquishment of those assets by the defendant and have deemed them to be assets available to the defendant.
The defendant also has a 401K account with a present value of $91,376, a life insurance policy with a cash value of $6,395 and various bank accounts totaling $10,408. In addition, the defendant recently purchased two items of jewelry with a combined appraised value of $33,850. Finally, the defendant possesses an interest in real estate in New London worth $3,548.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those in General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82
as they relate to the award of alimony. The court enters the following CT Page 12593 orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. The plaintiff shall pay to the defendant periodic alimony in the amount of $115,000 annually. Alimony shall be payable twice a month on the first and fifteenth day of each month, in the amount of $4791.66 semimonthly. Alimony shall terminate upon the death of either party, or remarriage or cohabitation by the defendant. So long as the plaintiff is required to pay alimony to the defendant, he shall maintain $250,000 worth of life insurance, naming the defendant as beneficiary and shall provide annual confirmation to the defendant that the insurance is being maintained.
3. The defendant is awarded sole ownership of the marital home at 119 Hartford Road, Salem, Connecticut. The plaintiff shall convey his interest in the property to the defendant by quitclaim deed within thirty days of the date of this decision. The defendant shall be solely responsible for paying the mortgage, taxes, and liens, if any, on the property. The defendant shall hold the plaintiff harmless and indemnify the plaintiff with respect to any and all mortgages, liens and encumbrances on the property. The defendant shall obtain, if possible, a refinancing of the current mortgage so that the plaintiff is no longer a mortgagor.
4. The plaintiff shall retain his fractional interests in the real property at Suite 311, Goldstar Highway, Groton and Unit #4 South Anguilla Road, Pawcatuck.
5. The plaintiff shall retain his entire right, title and interest in Orthodontic Associates of S.E. Connecticut, P.C.
6. The parties shall retain ownership of the bank accounts and stock listed on their respective financial affidavits and the cash value of their respective life insurance policies. The defendant shall also retain her interest in the $15,000 withdrawn from two bank accounts and $47,000 worth of stock transferred to her son after service upon her of the automatic orders in this action.
7. The defendant shall retain ownership of the $33,850 worth of jewelry currently in her possession and her interest in the real property at Captains Beach, New London, Connecticut.
8. The defendant shall retain her interest in her 401K account. The defendant is awarded a total of $391,779 of the retirement accounts held CT Page 12594 by the plaintiff in order to equalize their retirement accounts. The defendant shall draft, if necessary, a Qualified Domestic Relation Order (QDRO) to effectuate this award. The draft shall be submitted to the plaintiff for his review and to the court for its approval. The court shall retain jurisdiction in order to enforce this provision.
9. The defendant is awarded ownership of the furnishings, equipment and personal property presently located at 119 Hartford Road, Salem, Connecticut, except that the defendant shall convey to the plaintiff the following personal property within thirty days of the date of the dissolution: the 2x2 Yamaha ATV; the 4x4 Kawasaki ATV; the plaintiff's guns and hunting accessories; one-half the photo albums, the pots and pans and furniture which originated from the plaintiff's family; one-half the dishes; the red Sears tool box; the Sears freezer; the utility trailer loaned by Roy Toth; the ladders and back blade loaned by Bob Fleury; the bush hog, weed wacker and small utility trailer loaned by Dave Thompson; the utility trailer, hay wagon and ladders loaned by Charles Dimmock; the mounted pheasant and turkey; and the dogs T.J, Boss, Bubba, Booker, Hannah and Goldberg. The defendant is awarded ownership of the furniture presently in storage. The plaintiff shall pay the defendant $1,500 which represents one-half of the $3,000 proceeds from the sale of the horses Rebel and Banjo within thirty days of the date of the dissolution. Each of the parties shall otherwise retain the personal property currently in his or her possession.
10. The defendant shall remain as a covered person under the plaintiff's medical insurance for such period of time as is permitted under COBRA and the plaintiff shall pay the costs of such coverage.
11. Each of the parties shall be solely responsible for payment of the liabilities listed on their respective financial affidavits.
12. Each of the parties shall be responsible for the payment of their respective attorney's fees.
BY COURT
Judge Jon M. Alander